AO 91 (Rev. 11/11)  Criminal Complaint

AUSA:  Nhan Ho  Telephone: (313) 226-9100
Special Agent:  Richard Cousins  Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Emil Cole

Case: 2:25−mj−30132
Assigned To : Unassigned
Assign. Date : 3/11/2025
Case No.  Description: RE: EMIL DAMONE COLE (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 8, 2025_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |
| 18 U.S.C. 922(o) | Illegal possession of a machine gun |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Richard Cousins- ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 11, 2025

_____
Judge's signature

City and state: Detroit, Michigan

Honorable David R. Grand, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Cousins, being first duly sworn, hereby state:

## INTRODUCTION

1. I have been an ATF Special Agent since April 2023, and I have had extensive law enforcement training, including at the Federal Law Enforcement Training Center in the Criminal Investigator Training Program and ATF Special Agent Basic Training. I am currently assigned to the Pontiac Gun Violence Task Force ("GVTF"), which was established by the Oakland County Sheriff's Office and the ATF. Additionally, I am a member of the ATF Detroit Field Division, Group II, Crime Gun Enforcement Team ("CGET"). The GVTF and the CGET are tasked with investigating the unlawful possession of firearms and violent firearm crimes committed within the Eastern District of Michigan. Prior to becoming an ATF Special Agent, I was a U.S. Customs and Border Protection Officer with United State Customs and Border Protection, for approximately three years. I also have a bachelor's degree in political science.

2. This affidavit is made in support of an application for a criminal complaint for Emil COLE (XX/XX/1993) for violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of Firearm) and 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun).

3. I make this affidavit based on my participation in this investigation, reports from other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

4. The information in this affidavit is for the limited purpose of establishing probable cause and does not contain all details or all facts relating to this investigation.

## PROBABLE CAUSE

5. On March 8, 2025, Highland Park Police Department officers responded to the area of Woodward and Manchester, in Highland Park (Eastern District of Michigan) upon a traffic camera hit of a reported stolen vehicle, a black Chrysler Pacifica bearing Michigan license plate EVZ6235.

6. Officers located the stolen Pacifica in the parking lot of the Model T Plaza in Highland Park. The Pacifica was unoccupied. As the officers examined the Pacifica and inquired who was driving it, COLE walked up next to it. Officers asked COLE if the Pacifica belonged to him, to which COLE responded negatively. COLE instead indicated that the Ford Fusion, which was parked next to the Pacifica, was his. Officers asked COLE to unlock his vehicle. COLE, utilizing a remote, unlocked the stolen Pacifica.

7.      Officers detained COLE and performed a pat down of his person, during which they located a Glock 19 Gen 5, 9mm pistol from COLE's front waist band.  Affixed to the firearm was an MCD.  The firearm was loaded with thirty (30) live rounds of ammunition as well as one (1) live round in the chamber.  According to the Law Enforcement Information Network (LEIN) database, the firearm was reported stolen.

8.      Prior to towing the stolen vehicle, officers conducted an inventory search of the Pacifica. They located one gram of suspected heroin, approximately two grams of suspected cocaine, two white round pills of suspected oxycodone, approximately 102 grams of suspected marijuana, a brown and white bottle of promethazine syrup plain 6.25 mg/ 5ml, and two (2) scales.

9.      On March 10, 2025, ATF Special Agent Kenton Weston and I conducted a video and recorded, post-Miranda interview with COLE at the Highland Park police station.  During the interview, COLE informed agents that he purchased the recovered Glock for approximately $400.00, about one month ago.  COLE stated that a "switch" was already affixed to the firearm at the time he purchased it.  COLE also admitted that he knew what a "switch" was and that it would make a firearm "rapid fire."  COLE explained that the drugs recovered from the stolen vehicle were "crack", which he smoked daily for the past 6 years, and marijuana.  COLE also admitted that he was a convicted felon.

10. A review of COLE's criminal history revealed the following felony convictions:

   a. April 2017 – three counts of felony possession of narcotics in Ohio - Hancock County Common Pleas Court; and

   b. August 2018 – assault with intent to do great bodily harm less than murder in Michigan – 3rd Circuit Court.

11. I consulted with ATF Nexus Special Agent Kara Klupacs. Without physically reviewing the firearm, Special Agent Klupacs concluded, based on the recovered Glock's descriptions, that it was manufactured outside the state of Michigan.

12. A machinegun is a firearm under the National Firearms Act, 26 U.S.C. § 5845(a), and is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." 26 U.S.C. § 5845(b). A machine conversion device (MCD) is a small illicit device that replaces the back plate of the slide on a Glock-style pistol. When installed, the MCD applies pressure to the trigger bar and disables the firearm's ability to limit one round of ammunition to be fired per trigger pull. Based on my training and experience, I know an individual can affix an MCD to a Glock-style pistol to make the pistol shoot automatically and function as a machinegun. Thus, an MCD is a part, or combination of parts,

4

designed and intended for use in converting a semiautomatic Glock-style pistol into a machinegun. Additionally, ATF is not aware of any MCDs for Glock-styled pistols that were developed before May 19, 1986. Therefore, by itself, an MCD is a "machinegun."

13.     ATF Special Agent Weston physically examined the recovered Glock (see Image 1). In addition to basic ATF training, SA Weston is a graduate of a specialized course MCDs. SA Weston has also provided instruction to law enforcement on MCDs. SA Weston has experience in the investigation, seizure, and examination of many MCDs. SA Weston confirmed that the devices affixed to the recovered Glock gun is an MCD, also known as a "chip," "button," "switch" and/or a "Glock Switch.".

Image 1



## CONCLUSION

14. There is probable cause to believe that on March 8, 2025, in the Eastern District of Michigan, Emil COLE, a convicted felon, knowingly possessed a firearm, which has previously travelled in interstate commerce and is equipped with a machinegun conversion device, in violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm) and 18 U.S.C. § 922(o) (Illegal Possession of a Machinegun).

Respectfully submitted,

_____
Richard Cousins, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means

_____
Hon. David R. Grand
United States Magistrate Judge

March 11, 2025

6